O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. CV [15-03505 DDP] |
|---|---|---|
| | ) | CR 11-00072 DDP (40) |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S MOTION** |
| v. | ) | **TO CORRECT SENTENCE UNDER 28** |
| | ) | **U.S.C. § 2255** |
| ANDRANIK BAKHCHADJIAN, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court is Defendant/Petitioner Andranik Bakhchadjian's ("Petitioner") motion to reduce his sentence under 28 U.S.C. § 2255. Having considered the parties' submissions, the Court adopts the following order.

**I.    BACKGROUND**

Petitioner pled guilty to one count of bank fraud under 18 U.S.C. § 1344 and was sentenced to 110 months. Petitioner now asks this Court to change his sentence due to a "'New Rule of Criminal Procedure' pursuant to Proposition 47, PC 1170.18(a)-(e)." (Motion under 28 U.S.C. § 2255 at 5 ("Motion").) Proposition 47 was a California ballot initiative that reclassified certain former felonies into misdemeanors. (See Gov't Opp'n at 2.)

Here, Petitioner claims he has filed a reclassification petition under Proposition 47 in California state court for a previous offense. (Motion at 5.) Due to the one-year statute of limitations for § 2255 motions, Petitioner filed his § 2255 motion in this Court before the California state court resolved his reclassification petition. (Id.) Petitioner asks this Court to stay his § 2255 proceeding pending the California state court proceeding. (Id. (on reverse side of page)) Petitioner alleges that if the California state court reclassifies his former offense from a felony to a misdemeanor, he will then ask this Court to "re-calculate[] his points and change the 3 point enhancement to 1 point for this prior charge as it will be reduced from a Felony to a Misdemeanor, this reducing Petitioner's sentence to a criminal History Level IV instead of V." (Id.)

The Government opposes this motion, arguing that even if Petitioner is successful in reclassifying his former offense, such reclassification will have no effect on his federal sentence because "[t]he Sentencing Guidelines assign criminal history points entirely without regard to whether a conviction is a felony or a misdemeanor." (Gov't Opp'n at 3.) Instead, the Government argues, the Sentencing Guidelines assign points for criminal history "based solely on the length of the sentence imposed." (Id.) Thus, according to the Government, changing Petitioner's prior offense from a felony to a misdemeanor does not change the fact that Petitioner was given a sixteen-month sentence, which provides three criminal history points. (Id.)

Petitioner contests this understanding of the Sentencing Guidelines, and further argues that his prior crime was non-violent

1  and the trend of state and federal sentencing amendments is to

2  reduce sentences for certain non-violent crimes.  (Pet. Reply at 2-

3  4.)

4  **II.  LEGAL STANDARD**

5     Section 2255 allows federal prisoners to file motions to

6  vacate, set aside, or correct a sentence on the ground that "the

7  sentence was imposed in violation of the Constitution or laws of

8  the United States, or that the court was without jurisdiction to

9  impose such sentence, or that the sentence was in excess of the

10  maximum authorized by law, or is otherwise subject to collateral

11  attack[.]"  28 U.S.C. § 2255(a).

12  **III. DISCUSSION**

13     The relevant parts of the Federal Sentencing Guidelines are §

14  4A1.1, which provides for criminal history points to be totaled to

15  determine the criminal history category, and § 4A1.2, which

16  provides instructions for computing this criminal history.  Section

17  4A1.1(a) says: "Add 3 points for each prior sentence of

18  imprisonment exceeding one year and one month."

19     Section 4A1.2 has detailed instructions for determining what

20  is a "prior sentence," what is a "sentence of imprisonment," what

21  sentences are included in making this determination, and what is

22  the applicable time period for considering past criminal history.

23  Relevant here, a "prior sentence" is "any sentence previously

24  imposed upon adjudication of guilt"; a "sentence of imprisonment"

25  is "a sentence of incarceration and refers to the maximum sentence

26  imposed"; and "[s]entences for all felony offenses are counted[;]

27  [s]entences for misdemeanor and petty offenses are counted, except"

28  certain named offenses as are listed in the guidelines.  <u>See</u> U.S.

Sentencing Guidelines Manual § 4A1.2(a)(1), (b)(1), (c).  Further, a "felony offense" is defined "[f]or the purposes of § 4A1.2(c)" as "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed."  Id. at (o).  Subsection (c) requires "all felony offenses" to be counted in calculating criminal history points, absent some other exception.

The plain language of these provisions control the outcome of this motion.  According to his presentence report, Petitioner was convicted of receiving stolen property, a felony, and sentenced to sixteen months in California state court.  (Presentence Report ¶ 104.)  This is the prior offense that Petitioner is now having reclassified as a misdemeanor.  But a sixteen-month sentence, regardless of whether it is a felony or misdemeanor, is a prior sentence of incarceration exceeding one year and one month under § 4a1.1(a), thus resulting in three points.  Reclassifying the prior offense as a misdemeanor does not change the fact that Petitioner had a prior sixteen-month sentence.

Further, as defined in § 4.A1.2(o), a "felony offense" is an offense punishable by imprisonment of more than a year, as was Petitioner's situation.  Thus, even if the offense Petitioner was convicted of in California was always a misdemeanor under California law, his sixteen-month sentence would still give him a "felony" and three criminal history points under the federal Sentencing Guidelines.  While perhaps Petitioner, if convicted now, would receive a lesser sentence as a misdemeanant, the crucial fact is that Petitioner was convicted previously and sentenced to sixteen months.  Therefore, the Court finds that there is no

4

1  grounds under the Sentencing Guidelines to change Petitioner's

2  sentence.

3  **IV.   CONCLUSION**

4       For the reasons set forth above, the Court DENIES Defendant's

5  motion.

6

7  IT IS SO ORDERED.

8

9

10  Dated: November 3, 2015

                                    DEAN D. PREGERSON
11                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28